## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEVELOPERS SURETY & INDEMNITY CO.** : | Civil Action No. 1:12-CV-2216 |
| : | |
| : | **(Chief Judge Conner)** |
| v. : | |
| : | |
| **SHAHNAWAZ MATHIAS,** : | |
| **DEBRA MATHIAS,** : | |
| **EASTERN DEVELOPMENT &** : | |
| **DESIGN, and CHARTER HOMES** : | |
| **BUILDING COMPANY** : | |

## **ORDER**

AND NOW, this 6th day of March, 2014, upon consideration of plaintiff Developers Surety & Indemnity Co.'s ("DSIC") motions for default judgment (Docs. 15, 18, 19) against defendants Eastern Development & Design ("EDD") and Shahnawaz and Debra Mathias (collectively, "defaulting defendants") filed on January 2 and 8, 2013, and it appearing that Mrs. Mathias received service of process on November 15, 2012, (see Doc. 5), and Mr. Mathias, personally and as President of EDD, received service of process on November 28, 2012, (see Docs. 6 & 7), that the defaulting defendants have not made an appearance in the above-captioned action, see FED. R. CIV. P. 55(b)(2) (providing for notice and a hearing on motion for default only if adverse party has made an appearance), and that default (Doc. 7) has been entered against the defaulting defendants for failure to plead or otherwise defend against the complaint, (Docs. 12, 16, 17); see FED. R. CIV. P. 55(a) (providing for entry of default by clerk), and it further appearing that DSIC seeks recovery in the amount of $982,406.84 by affidavit accompanying the motions,

(Docs. 15-3, 18-3, 19-3); see FED. R. CIV. P. 55(b)(1) (allowing clerk to enter judgment by default without hearing if claim is "for a sum certain or a sum that can be made certain by computation"), and the court having discretion to enter default judgment against less than all defendants in the above-captioned matter, see FED. R. CIV. P. 54(b), but the court may not enter a default judgment against one of several defendants when (1) the theory of recovery rests on joint liability or (2) the kind of relief requested is such that it must be granted against each defendant, see Frow v. De La Vega, 82 U.S. 552, 554 (1872); Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3d Cir. 1986); see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1511-12 (11th Cir. 1984) (reversing denial of motion to set aside default judgment because, under Frow, plaintiff who failed to recover from one defendant when plaintiff breached the contract could not recover from a second defendant who did not defend the suit); Stout St. Funding LLC v. Johnson, 873 F. Supp. 2d 632, 649-50 (E.D. Pa. 2012) (denying motion for default judgment without prejudice because the liability of defaulting defendants could not be adjudicated without affecting the rights of non-defaulting defendants when plaintiff seeks to hold all defendants jointly liable for contractual claims); Koren v. First Funding Factors, Inc., No. 89-6250, 1990 WL 102805, at *3 (E.D. Pa. July 13, 1990) ("[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants." (citing 10A Charles A. Wright & Arthur Miller, FEDERAL PRACTICE AND PROCEDURE § 2690 (3d ed. 1998))), and the court noting that, in addition to breach of

contract and indemnification claims against defaulting defendants, DSIC asserts an unjust enrichment claim against all defendants, (see Doc. 1; see also Doc. 37 (dismissing all other claims for joint liability)), it is hereby ORDERED that DSIC's motions for default judgment (Docs. 15, 18, 19) are DENIED without prejudice. However, the entry of default as to defaulting defendants will remain on the docket. DSIC may reassert the motions for default judgment after all remaining claims have been resolved against non-defaulting defendant Charter Homes Building Company.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania