**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEVELOPERS SURETY &** | : | **Civil Action No. 1:12-CV-2216** |
| **INDEMNITY CO.,** | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SHAHNAWAZ MATHIAS,** | : | |
| **DEBRA MATHIAS,** | : | |
| **EASTERN DEVELOPMENT &** | : | |
| **DESIGN, and CHARTER HOMES** | : | |
| **BUILDING COMPANY,** | : | |
| | : | |
| **Defendants.** | : | |

**MEMORANDUM**

Presently before the court in the above-captioned matter is plaintiff

Developers Surety & Indemnity Co.'s ("DSIC") motion for reconsideration (Doc.

38), arising from the court's memorandum and order dismissing DSIC's breach of

contract claim against defendant Charter Homes Building Company ("Charter").

(Docs. 36, 37).  For the reasons that follow, the court will deny the motion.

**I.    Factual Background and Procedural History**

In the context of a motion for reconsideration, the court will only summarize

the relevant factual background and procedural history.  A more detailed account is

set forth in the court's memorandum and order dated December 11, 2013 (Docs. 36,

37), familiarity with which is presumed.

In or about 2000, defendants Shahnawaz Mathias, Debra Mathias, and

Eastern Development & Design ("EDD") (collectively, "Indemnitor Defendants"),

and Slater & West, Inc. ("Slater")[1] executed an indemnity agreement in favor of

DSIC to induce DSIC to issue construction bonds for their benefit.  (Doc. 1 ¶¶ 10-11;

Doc. 1-2, Ex. A).  On October 9, 2001, Slater submitted a plan to York Township for

construction of a residential subdivision known as Spring Ridge Phases II & III (the

"Subdivision Project").  (Doc. 1 ¶ 15).  On November 28, 2001, DSIC issued

Subdivision Improvements Performance Bond No. 526400S (the "subdivision

bond") to York Township, as obligee, on behalf of Slater, as principal, guaranteeing

Slater's completion of certain public improvements for the Subdivision Project.  (Id.

¶¶ 17-18; see Doc. 1-3, Ex. B).

In 2003, Slater filed for bankruptcy protection in the United States

Bankruptcy Court for the Middle District of Pennsylvania.  (Doc. 1 ¶ 19); see In re

Slater & West, Inc., No. 1-03-BK-1633 (Bankr. M.D. Pa. filed March 20, 2003).  DSIC

contends that (1) it was not notified of the bankruptcy action, and (2) it was not

listed as a creditor.  (Doc. 1 ¶ 20).  On March 25, 2004, Indemnitor Defendants,

Slater, and Charter entered into a stipulation (the "bankruptcy stipulation") by

terms of which Charter assumed responsibility for construction of the Subdivision

Project.  (Id. ¶¶ 21, 23; Doc. 1-4, Ex. C).  The bankruptcy stipulation required

Charter to exercise good faith to complete both the Subdivision Project and related

public improvements (the "Development Improvements"), and to secure the release

of the subdivision bond upon completion of the Development Improvements.

---

[1] At all times relevant to the instant matter, Shahnawaz Mathias was the sole
owner and principal of both EDD and Slater, a non-party business.  (Doc. 1 ¶¶ 6-7).

(Doc. 1 ¶¶ 25-26; Doc. 1-4, Ex. C ¶ 5(k)).  Charter and Indemnitor Defendants further agreed to keep the subdivision bond in place during Charter's completion of the Subdivision Project.  (Doc. 1 ¶ 24; Doc. 1-4, Ex. C ¶ 5(k)).

According to the complaint, DSIC was not privy to the bankruptcy stipulation or the terms contained therein, and DSIC did not receive notice of the bankruptcy stipulation until May 27, 2004.  (Doc. 1 ¶¶ 22, 27).  Consequently, DSIC asserts that it had no obligation to extend coverage of the subdivision bond to Charter's performance of the Development Improvements.  (Id. ¶ 28).  Nevertheless, DSIC claims that Indemnitor Defendants and Charter induced DSIC to keep the subdivision bond in place by making representations in the bankruptcy stipulation that Charter would complete the Development Improvements and secure a release of the subdivision bond.  (Id. ¶ 30; Doc. 1-4, Ex. C ¶ 5(k)).

On March 23, 2012, York Township provided formal notice of Charter's defective performance of its obligation to complete the Development Improvements.  (Doc. 1 ¶¶ 31-32; see Doc. 1-6, Exs. D, E).  Charter refused to cure the alleged defects.  (Doc. 1 ¶ 33; see Doc. 1-7, Ex. F).  Hence, pursuant to the terms of the subdivision bond, DSIC expended over $1 million to complete the Development Improvements.  (Doc. 41 at 4; see Doc. 1 ¶¶ 34-40).

On November 6, 2012, DSIC filed a seven-count complaint (Doc. 1) against Indemnitor Defendants and Charter, including claims for breach of contract.  (See id. ¶¶ 51-60).  On January 14, 2013, Charter filed a motion to dismiss (Doc. 23) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon

3

which relief may be granted.  In a memorandum and order dated December 11,

2013, the court granted the motion to dismiss on all claims except unjust

enrichment.  (Docs. 36, 37).  On December 24, 2013, DSIC filed the instant motion

for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) regarding the

breach of contract claim against Charter.  (Doc. 38).  The motion has been fully

briefed and is ripe for disposition.

## II.   Legal Standard

Motions for reconsideration under Federal Rule of Civil Procedure 59(e)

serve primarily to correct manifest errors of law or fact in a prior decision of the

court.  See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003); Harsco Corp. v.

Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Under Rule 59(e), "a judgment may be

altered or amended if the party seeking reconsideration establishes at least one of

the following grounds:  (1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court granted the

motion for summary judgment; or (3) the need to correct a clear error of law or fact

or to prevent manifest injustice."  Max's Seafood Cafe *ex rel.* Lou-Ann, Inc. v.

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

However, "[a] motion for reconsideration is not to be used as a means to

reargue matters already argued and disposed of or as an attempt to relitigate a

point of disagreement between the Court and the litigant."  Ogden v. Keystone

Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal citation and quotations

omitted).  Reconsideration of a judgment is an extraordinary remedy, and the court

4

grants such motions sparingly.  <u>D'Angio v. Borough of Nescopeck</u>, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## III.   <u>Discussion</u>

In its complaint, DSIC alleges that Charter breached certain promises in the bankruptcy stipulation made for DSIC's benefit by failing to complete the Development Improvements and by failing to secure release of the subdivision bond.  Charter moved to dismiss the breach of contract claim because DSIC is not an intended third-party beneficiary of the bankruptcy stipulation.  Therefore, DSIC does not have standing to sue for breach of contract under Pennsylvania law.  The court agreed.

DSIC presently seeks reconsideration of the court's dismissal of its breach of contract claim against Charter on grounds that the court committed an error of law. DSIC contends that the court improperly dismissed the breach of contract claim for two main reasons.  First, the complaint adequately alleges a plausible claim that DSIC is an express third-party beneficiary of the bankruptcy stipulation.  Second, the court concluded that DSIC is not an implied third-party beneficiary based upon an improper factual determination that Defendants and Charter did not intend to benefit DSIC at the time of execution of the bankruptcy stipulation.  The court will address each argument *seriatim*.

### A.    **Express Third-Party Beneficiary**

In the instant motion, DSIC asserts that the court erred in dismissing the breach of contract claim when the complaint satisfies the appropriate legal

standard for a Rule 12(b)(6) motion.  (Doc. 41 at 6-8).  When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court generally reviews the factual allegations in the complaint and accepts all well-pleaded facts as true. See Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004).  In addition to reviewing the complaint, the court may also consider exhibits attached to the complaint and matters of public record.  Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  This is particularly appropriate when a document forms the basis of a claim and it is "integral to or explicitly relied upon in the complaint."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis and internal quotation marks omitted); Pension Ben. Guar. Corp., 998 F.2d at 1196; Kimmel v. Phelan Hallinan & Schmieg, PC, 847 F. Supp. 2d 753, 756 (E.D. Pa. 2012); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (emphasis and internal quotation marks omitted).

Once the court assesses the factual basis for the claims, the court must determine whether the facts are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw

6

the reasonable inference that the defendant is liable for the misconduct alleged."
<u>Iqbal</u>, 556 U.S. at 678.

This is precisely the legal standard that the court applied.  To confer express
third-party beneficiary status, the parties to the contract at issue must explicitly
state their desire to benefit the third party in the contract.  <u>Spires v. Hanover Fire</u>
<u>Ins. Co.</u>, 70 A.2d 828, 830-31 (Pa. 1950), <u>abrogated by</u> <u>Guy v. Liederbach</u>, 459 A.2d
744 (Pa. 1983); <u>see also</u> <u>Mylan, Inc. v. Zorich</u>, No. 1:12-CV-80, 2012 WL 527662, at *5
(W.D. Pa. Feb. 16, 2012).  In the motion to dismiss *sub judice*, the court properly
considered the clear and unambiguous terms of the bankruptcy stipulation
attached and incorporated into the complaint.  (<u>See</u> Doc. 36 at 9).  The court
concluded that the mere reference to DSIC or the "Insco Bond" in paragraph 5(k)
of the bankruptcy stipulation does not constitute an express statement that either
Charter or Indemnitor Defendants intended to make DSIC a third-party
beneficiary.  (<u>Id.</u> at 9-10).  Thus, DSIC lacks standing as an express third-party
beneficiary to bring a breach of contract claim and cannot as a matter of law
establish a "plausible claim for relief."

Under the guise of challenging the court's application of the Rule 12(b)(6)
legal standard, DSIC ostensibly seeks to reargue the issue of express third-party
beneficiary status.  As the court previously noted, a motion for reconsideration may
not be used to relitigate a point of disagreement with the court.  <u>Ogden</u>, 226 F.
Supp. 2d at 606.  Accordingly, the court will deny DSIC's motion for reconsideration
on this basis.

7

### B.     Implied Third-Party Beneficiary

DSIC also challenges the court's finding that DSIC is not an implied third-party beneficiary based upon the court's determination that Indemnitor Defendants and Charter did not intend to benefit DSIC in the bankruptcy stipulation. According to DSIC, the language of the bankruptcy stipulation is ambiguous and, therefore, the intent of the parties—derived therefrom—is subject to more than one reasonable interpretation.  (Doc. 41 at 9-12).  The court should not dismiss a breach of contract claim when the terms of the contract are ambiguous, or subject to more than one reasonable interpretation.  Butters Living Trust v. Swepi, Inc., No. 4:12-CV-2010, 2013 WL 3679533, at *3-5 (M.D. Pa. July 12, 2013) ("Under Pennsylvania law, ambiguous contracts are interpreted by the trier of fact.").  This argument is unavailing.

DSIC may be an implied third-party beneficiary if "(1) the recognition of the beneficiary's right must be 'appropriate to effectuate the intention of the parties,' and (2) the performance must 'satisfy an obligation of the promisee to pay money to the beneficiary' or 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.'"  Scarpitti v. Weborg, 609 A.2d 147, 150 (Pa. 1992) (quoting Guy, 659 A.2d at 751).  As the court explained in its prior memorandum, the first question—whether the parties' intent should be understood to create a third-party beneficiary—is an issue of standing, and it is therefore within the court's discretion to determine.  (Doc. 36 at 8-9 (citing Scarpitti, 609 A.2d at 150)); see also Shumate v. Twin Tier Hospitality, LLC, 655 F. Supp. 2d

8

521, 535 (M.D. Pa. 2009) ("The first question establishes whether an individual is a third-party beneficiary and is a question of law for the court's determination."); Mack v. AAA Mid-Atl., Inc., 511 F. Supp. 2d 539, 545 (E.D. Pa. 2007); Clifton v. Suburban Cable TV Co., Inc., 642 A.2d 512, 514 (Pa. Super. Ct. 1994).

In determining the intent of the parties, the court properly examined the explicit language of the bankruptcy stipulation.  (See Doc. 36 at 10-12 (citing Waynesborough Country Club of Chester Cnty. v. Diedrich Niles Bolton Architects, Inc., No. 07-155, 2008 WL 687485, at *2-3 (E.D. Pa. Mar. 11, 2008); Burks v. Fed. Ins. Co., 883 A.2d 1086, 1091-92 (Pa. Super. Ct. 2005); Victoria Gardens Condo. Ass'n v. Kennett Twp., 23 A.3d 1098, 1105-07 (Pa. Commw. Ct. 2011))).  The court noted that paragraph 5(k) clearly intended to convey Indemnitor Defendants' rights to develop the Subdivision Project to Charter, in exchange for Charter's promise to discharge Indemnitor Defendants' preexisting judgment liens.  (Id. at 10-11).  In other words, Charter and Indemnitor Defendants entered into the bankruptcy stipulation with the sole intent of promoting and protecting their own financial interests, not to confer any benefit upon DSIC.

Contrary to DSIC's assertions, the court found that the terms of the bankruptcy stipulation were clear and unambiguous and therefore may be interpreted by the court as a matter of law.  See Butters Living Trust, 2013 WL 3679533, at *3; see also Great Am. Ins. Co. v. Norwin Sch. Dist., 544 F.3d 229, 243 (3d Cir. 2008) ("When a writing is clear and unequivocal, its meaning must be determined by its contents alone."); Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.,

9

619 F.2d 1001, 1010 (3d Cir. 1980); <u>Mace v. Atl. Ref. & Mktg. Corp.</u>, 785 A.2d 491, 496

(Pa. 2001).  As a result of its interpretation, the court concluded that the terms and

circumstances of the bankruptcy stipulation do not compel recognition of DSIC as

an implied third-party beneficiary to effectuate the parties' intent.  <u>See</u> <u>Victoria</u>

<u>Gardens</u>, 23 A.3d at 1105-07 (dismissing implied third-party beneficiary claim based

solely upon a review of the terms of a development agreement that indicated the

parties' intention to serve their own interests); <u>Burks</u>, 883 A.2d at 1090-92 (holding

that incidental financial benefit to plaintiff from terms of an insurance agreement

was insufficient to compel plaintiff's recognition as an implied third-party

beneficiary).  Thus, the court properly declined to recognize DSIC as an intended

third-party beneficiary with standing to assert a breach of contract claim.

**IV.**   <u>**Conclusion**</u>

    For the reasons stated above, the court will deny DSIC's motion for

reconsideration (Doc. 38) of the court's memorandum and order (Docs. 36, 37)

dismissing the breach of contract claim against Charter.

    An appropriate order will issue.


                                        /S/ CHRISTOPHER C. CONNER
                                        Christopher C. Conner, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania


Dated:      May 22, 2014