IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVELOPERS SURETY &** | : | **CIVIL NO. 1:12-CV-2216** |
| **INDEMNITY CO.,** | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **SHAHNAWAZ MATHIAS,** | : | |
| **DEBRA MATHIAS,** | : | |
| **EASTERN DEVELOPMENT &** | : | |
| **DESIGN**, and **CHARTER HOMES** | : | |
| **BUILDING COMPANY,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 30th day of September, 2014, upon consideration of the motion (Doc. 51) of plaintiff Developers Surety & Indemnity Co. ("DSIC") for leave to amend the complaint, wherein DSIC seeks, as assignee of Eastern Development & Design's ("Eastern") rights pursuant to an Indemnity Agreement ("Indemnity Agreement") (Doc. 1-2) in which Eastern agreed to indemnify DSIC from any liability or losses that DSIC sustained in connection with its issuance of a surety bond, and as equitably subrogated to Eastern's rights pursuant to the Indemnity Agreement, to add claims against defendant Charter Homes Building Company ("Charter") for breach of a provision of a March 25, 2004 stipulation ("Bankruptcy Stipulation") (Doc. 1-4) among defendants Charter, Shahnawaz Mathias, Debra Mathias, and Eastern, and nonparties Slater & West, Inc. ("Slater"), Sovereign

Bank, and Susquehanna Mortgage Banker Corp.,[1] in which Charter agreed to indemnify Eastern from any liability to DSIC under the Indemnity Agreement in the event that York Township demanded that DSIC complete the development improvements as a result of Charter's failure to do so ("indemnification provision") (see Doc. 1-4 ¶ 5(k)),[2] and noting that leave to amend shall be freely given "when justice so requires," FED. R. CIV. P. 15(a)(2), but that the court may deny amendment if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party," Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003), and that amendment is futile when the amended claims would not survive a motion to dismiss, J.B. Hunt Transp., Inc. v. Liverpool Trucking Co., No. 1:11-CV-1751, 2013 WL 3208586, at *3 (M.D. Pa. June 24, 2013) (citing Massarsky v.

---

[1] The Bankruptcy Stipulation provides, *inter alia*, that Charter shall assume responsibility for completion of certain development improvements pursuant to a November 28, 2001 Subdivision Improvements Performance Bond ("Subdivision Bond") (Doc. 1-3) that DSIC guaranteed on behalf of Slater, as principal, to York Township, as obligee.

[2] Notwithstanding the fact that the Bankruptcy Stipulation provides that Charter shall indemnify Eastern "from any and all *liability*" to DSIC under the Indemnity Agreement (Doc. 1-4 ¶ 5(k)) (emphasis added), Charter posits that the Bankruptcy Stipulation indemnifies Eastern against *loss* (Doc. 54 at 8, 9). Because the court concludes that Eastern's indemnification claim against Charter has not accrued whether construed as a claim for indemnification against liability or loss, *see infra*, it is unnecessary to characterize the indemnification provision further.

Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983)),[3] and further noting that a claim for indemnification against liability under Pennsylvania law[4] accrues when liability has become "fixed and established," Coleman v. City of Bradford, 204 A.2d 260, 261 (Pa. 1964), that district courts in this circuit, interpreting Pennsylvania law, have concluded that liability generally does not become fixed and established until either the court has entered a judgment against the indemnitee or a settlement agreement has been reached, Lincoln Gen. Ins. Co. v. Kingsway Am. Agency, Inc., No. 1:11-CV-1127, 2013 WL 458449, at *3 (M.D. Pa. Feb. 6, 2013) (citing Ins. Comm'r of Conn. v. Novotny, No. 07-262 ERIE, 2009 WL 1653553, at *3-4 (W.D. Pa. June 11, 2009)), and that a claim for indemnification against loss under Pennsylvania law generally accrues only when the indemnitee makes an actual payment on behalf of the indemnitor, id. (quoting Novotny, 2009 WL 1653553, at *3), and observing that the court expressly declined to enter default judgments against Shahnawaz Mathias, Debra Mathias, or Eastern[5] in its March 6, 2014 order (Doc. 44) resolving DSIC's motions for default judgment, that DSIC does not aver that Eastern entered

---

[3] In accordance with the standard for deciding a motion to dismiss, the court will "accept all well-pleaded facts in the [amended] complaint as true, and view them in the light most favorable" to DSIC. See Carino v. Stefan, 376 F.3d 156, 159 (3d Cir. 2004).

[4] The court presides over this case pursuant to diversity jurisdiction. Sitting in diversity, the court must apply the substantive law of Pennsylvania. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 474 (3d Cir. 2001).

[5] The court notes that Eastern is an indemnitor under the Indemnity Agreement but an indemnitee with respect to the Bankruptcy Stipulation.

into any settlement agreements with respect to the surety bond, and that DSIC does not allege that Eastern indemnified DSIC for any of its losses (see Doc. 1 ¶ 50) or otherwise made any payments in connection with its obligations under the surety bond, and it appearing that DSIC's proposed breach of contract claim against Charter pertains solely to Eastern's potential cause of action for indemnification pursuant to the indemnification provision of the Bankruptcy Stipulation (see Doc. 51-2 ¶¶ 51-60; Doc. 52 at 9 ("[Charter] breached the terms of the Bankruptcy Stipulation when [Charter] failed to indemnify or hold Eastern harmless for Eastern's liability to [DSIC].")), and therefore that DSIC's proposed breach of contract claim against Charter has not yet accrued,[6] and it further appearing that Eastern was not a principal under the Subdivision Bond or otherwise primarily

---

[6] That DSIC's indemnification claim may have accrued against Eastern (see Doc. 52 at 9) does not compel the conclusion that Eastern's indemnification claim has accrued against Charter in the absence of a judgment against Eastern or a settlement imposing an obligation on Eastern. See Novotny, 2009 WL 1653553, at *3-4.

responsible for completion of the development improvements,[7] and finding that DSIC's proposed breach of contract claim against Charter would be futile at this juncture, it is hereby ORDERED that:

1. DSIC's motion (Doc. 51) for leave to amend the complaint is DENIED without prejudice.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[7] Equitable subrogation is available under Pennsylvania law. *In re* Estate of Devoe, 74 A.3d 264, 267 (Pa. Super. Ct. 2013). This equitable doctrine "is a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it, and is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another." Employers Ins. of Wausau v. Commonwealth, Dep't of Transp., 865 A.2d 825, 833 (Pa. 2005) (quoting High-Tech-Enters., Inc. v. Gen. Accident Ins. Co., 635 A.2d 639, 642 (Pa. Super. Ct. 1993)) (internal quotation marks omitted); accord U.S. Fid. & Guar. Co. v. United Penn Bank, 524 A.2d 958, 963 (Pa. Super. Ct. 1987) ("The equitable doctrine of subrogation is grounded in the principle that, when one, not a volunteer, pursuant to an obligation, fulfills the duties of another, he is entitled to assert the rights of that other against a third party." (quoting Aetna Cas. & Sur. Co. v. J. F. Brunken & Son, Inc., 357 F. Supp. 290, 293 (D.S.D. 1973)). When a surety pays a debt for which another is primarily liable, as DSIC notes, "it succeeds both to the rights of the principal and obligee." Fid. & Deposit Co. of Md. v. Westra Constr., Inc., No. 1:08-CV-1219, 2010 WL 1904524, at *4 (M.D. Pa. May 10, 2010) (citing Ram Constr. Co., Inc. v. Am. States Ins. Co., 749 F.2d 1049, 1055 (3d Cir. 1984)). In the case *sub judice*, DSIC does not allege facts sufficient to support an inference that Eastern, as opposed to Slater or Charter, was a principal under the Subdivision Bond or was primarily liable for completion of the development improvements. While Shahnawaz Mathias T/A Eastern apparently served as principal under the Indemnity Agreement (Doc. 1-2), the contracts at issue imply that Eastern's alleged debt took the form of *indemnification* to DSIC rather than any primary liability to a third party. To the extent that DSIC is equitably subrogated to Eastern's rights under the Bankruptcy Stipulation, DSIC's proposed claim against Charter for breach of the indemnification provision therein would not yet be ripe, as explained *supra*. See Bell v. Slezak, 812 A.2d 566, 574 n.8 (Pa. 2002) ("[A] subrogee has no greater rights than those held by the subrogor . . . .").