IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEVELOPERS SURETY & INDEMNITY CO.,** : | CIVIL ACTION NO. 1:12-CV-2216 |
| : | |
| : | **(Chief Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **SHAHNAWAZ MATHIAS, DEBRA MATHIAS, EASTERN DEVELOPMENT & DESIGN, and CHARTER HOMES BUILDING COMPANY,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 18th day of November, 2015, upon consideration of the Clerk of Court's entries of default (Docs. 12, 16, 17) against defendants Debra Mathias, Eastern Development & Design, and Shahnawaz Mathias (collectively, "defaulting defendants") on December 19, 2012 and January 3, 2013, and the court's order (Doc. 44) denying without prejudice the motions (Docs. 15, 18, 19) for default judgment against the defaulting defendants filed by plaintiff Developers Surety & Indemnity Co. ("DSIC") on January 2 and 8, 2013, and noting that said order (Doc. 44) advised that DSIC may reassert the motions for default judgment after all remaining claims have been resolved against non-defaulting defendant Charter Homes Building Company, and noting the stipulation (Doc. 68) of dismissal with prejudice of Charter Homes Building Company on July 9, 2015, and the court observing no engagement in the litigation by DSIC since July 9, 2015, (see Doc. 68), and upon further

consideration of the court's November 10, 2015 order (Doc. 70) requiring DSIC to show cause why the above-captioned matter should not be dismissed for failure to prosecute on or before November 17, 2015, and noting that DSIC has not complied with said order (Doc. 70), and the court observing the six-factor test set forth by the United States Court of Appeals for the Third Circuit to inform a district court's discretion to dismiss for failure to prosecute, see Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868-70 (3d Cir. 1984); see also FED. R. CIV. P. 41(b), and the court finding that the factor of personal responsibility is met because DSIC was advised of the necessity to comply with the court's directive but failed to do so, see Poulis, 747 F.2d at 868, that the factor of prejudice to adversaries is met because defaulting defendants face, *inter alia*, the ongoing threat of default judgment, see Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 194 (3d Cir. 2010) (nonprecedential); D'Onofrio v. Il Mattino, 430 F. Supp. 2d 431, 444 (E.D. Pa. 2006), that the factor of a history of dilatoriness is met because DSIC failed to respond to multiple court orders (Docs. 69, 70), see Poulis, 747 F.2d at 868, that the factor of "willful" or "bad faith" conduct is met because DSIC's refusal to respond when specifically ordered to do so constitutes willful disregard of the court's authority, see id. at 868-69, that the factor of ineffectiveness of alternative sanctions is met because no other sanctions will effectively remedy DSIC's failure to comply, see id. at 869, and that DSIC's claims are potentially meritorious, see id. at 869-70, and the court noting that it is unnecessary that all of the Poulis factors are met, see Sunday v. United States, No. 89-8374, 1992 WL 221322, at *3 (E.D. Pa. 1992), it is hereby ORDERED that:

1. All remaining claims filed by DSIC against defaulting defendants in the above-captioned matter are DISMISSED with prejudice.

2. The Clerk of Court is directed to CLOSE this case.

       /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania